PHILPOTT *v.* CITY OF FORT SMITH.

4442                              204 S. W. 2d 475

Opinion delivered September 29, 1947.

*L. H. Chastain,* for appellant.

*Harrell Harper,* for appellee.

SMITH, J. Appellant who operates a twenty-two room hotel in the City of Fort Smith was convicted of a violation of Act 110 of the Acts of 1945. The relevant portions as applied to the testimony of this case, appear in the second paragraph of § 5 of the Act and read as follows:

"Further, it shall be unlawful for any operator of a tourist camp, hotel or rooming house, or any employee of such operator to accept as a guest any person without requiring a full registration as provided in § 2 of this Act, or knowingly to accept as a guest a person who has registered under a false name or who has registered with another under a false representation as to their relationship, or who has falsely represented the current license designation of his automobile."

The testimony in this case is in irreconcilable conflict and it was the function of the jury to weigh and sift it and to determine what portions of it were credible and should be believed. The verdict of the jury, finding the appellant guilty, reflects that the testimony offered by the prosecution was believed, and if so the verdict was abundantly sustained by this testimony which was to the following effect.

One Walter Griffin was a guest at the hotel on the night of January 17, 1946. He was found in room number sixteen, with a woman named Ruby Orton at about 3:35 on the morning of January 18th. Both Griffin and the woman were undressed. Griffin had been assigned a different room. There appears on the hotel register the name of C. J. Johnson and wife, who had been assigned to room sixteen. Griffin and the woman found in the room with him were arrested and appellant was later arrested by the officers at about 3:35 a. m., and the officers testified that appellant told them at the time of his arrest that Griffin had registered as Mr. and Mrs. C. J. Johnson. Appellant was well acquainted with Griffin, who for a period of several years had from time to time been a guest at this hotel. Griffin, who was a railroad man, was a

guest at the hotel on the night in question, having been assigned room thirteen.

The officers testified that they went to room sixteen, which had been assigned to C. J. Johnson and wife, and when they entered the room they found Griffin and the woman, both undressed, and both officers testified that appellant told them he "had registered them in." If this testimony is true, appellant knew that Griffin had registered under a fictitious name, and the testimony is undisputed that the woman registered as his wife, was not his wife.

Griffin and the woman were taken to the police station and appellant was later brought there, and all three were released when appellant posted a hundred dollar cash bond for each of them. Griffin and the woman entered pleas of guilty in the municipal court, to the charge preferred against them, and Griffin paid both fines. Neither Griffin nor the woman testified at the trial from which is this appeal.

Appellant offered testimony to the effect that a man and woman who called themselves C. J. Johnson and wife, applied for accommodations. Appellant asked them if they were married, and the man produced his marriage license, and other testimony was offered to the effect that this man and not Griffin signed the hotel register. But the testimony of the officers as to appellant's statement to them when the arrest was made sharply conflicts with this testimony. One of the officers testified as follows: "Q. I will ask you if you know whether or not Mr. and Mrs. C. J. Johnson occupied a room in the Ozark Hotel and paid a fine? A. C. J. Johnson paid two fines, according to this check. W. M. Griffin and Ruby Orton. Q. You say they registered as Mr. and Mrs. C. J. Johnson, do you know her, and Walter M. Griffin and Ruby Orton? A. Yes, they plead guilty to it and said they did. Q. They told you they registered that way? A. Yes, and plead guilty and paid the fine. Q. You say Philpott told you that? A. Yes, sir. Q. And Griffin told you that? A. Yes, sir."

The testimony of the other officer was to the same effect, and if true it is sufficient to sustain the conviction and the judgment must be affirmed and it is so ordered.